**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: _____

NICOLE MARCHESE, on behalf of herself and all others similarly situated,

      Plaintiff,

v.

LIFEPOINT BEHAVIORAL HEALTH SERVICES, LLC, a Delaware limited liability company,
SPRINGSTONE PHYSICIANS LLC, a Delaware limited liability company,
DENVER SPRINGS, LLC d/b/a Denver Springs d/b/a Denver Springs Changes, a Delaware limited liability company,
DENVER SPRINGS PHYSICIAN GROUP, LLC, a Delaware limited liability company,

      Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Nicole Marchese ("Plaintiff"), on behalf of herself and all others similarly situated, by and through counsel, Leventhal Lewis Kuhn Taylor Swan PC, complains as follows:

**NATURE OF THE ACTION**

1.     This action is brought on behalf of all hourly employees, including Patient Care Assistants, and other positions with different titles (collectively "Hourly Employees") employed by Lifepoint Behavioral Health Services, LLC, Springstone Physicians LLC, Denver Springs, LLC d/b/a Denver Springs d/b/a Denver Springs Changes and Denver Springs Physician Group, LLC ("Defendants") in Colorado during the last three (3) years, plus any period of tolling, and who were not properly paid straight time wages and/or overtime compensation.

2.     This case is brought as a collective action under 29 U.S.C. § 216(b) of the Fair

Labor Standards Act of 1938 ("FLSA"). Plaintiff alleges that Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, by failing to pay Hourly Employees all required overtime compensation.

3.      This case is also brought as a class action under Fed. R. Civ. P. 23 pursuant to the Colorado Overtime and Minimum Pay Standards Order ("COMPS Order"), 7 CCR § 1103-1, and the Colorado Wage Act, C.R.S. § 8-4-101 ("CWA"). Plaintiff alleges that Defendants violated the COMPS Order by failing to pay Hourly Employees all overtime compensation at applicable rates as required by law and prohibiting Hourly Employees from taking bona fide, uninterrupted meal breaks as required by law and failing to provide compensation, including overtime compensation, for said work.

## JURISDICTION AND VENUE

4.      This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff alleges a claim under the FLSA.

5.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the FLSA claim that they form part of the same case or controversy.

6.      All entities that comprise of Defendants are limited liability companies registered in Delaware which maintain a common primary corporate office in Brentwood, Tennessee.

7.      Defendants are subject to personal jurisdiction in this District because Defendants have availed themselves of the privilege of conducting substantial business in Colorado, where Plaintiff resides and worked for Defendants, and certain of the acts and omissions alleged herein arise out of Defendants' activities in Colorado.

8.      Defendants are also subject to personal jurisdiction in this District because this

action arises out Defendants' illegal pay practices that caused damages to employees in the State of Colorado.

9.      Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this District.

## THE PARTIES

10.      Plaintiff is, and was at all times relevant to this action, an adult individual domiciled in Denver, Colorado.

11.      Defendants are each a limited liability company registered under the laws of the State of Delaware with a common principal place of business located at 330 Seven Springs Way Brentwood, Tennessee. Defendants are primarily in the business of operating psychiatric hospitals which offer both inpatient and outpatient treatment to patients. Defendants own and operate at least four (4) such hospitals in Colorado including Denver Springs located at 8835 American Way in Englewood, Colorado, Denver Springs Changes located at 401 West Hampden Place, Suite 200 in Englewood, Colorado, Denver Springs Changes located at 16830 Northgate Drive, Suite 130 in Parker, Colorado and Denver Springs Changes located at 8787 Turnpike Drive, Suite 100 located in Westminster, Colorado.

## COLLECTIVE ACTION ALLEGATIONS

12.      Plaintiff seeks to prosecute her FLSA claim as an "opt-in" collective action on behalf of all persons who are or were employed by Defendants as Hourly Employees (or similar title as defined *supra*) in Colorado at any time in the last three (3) years, plus any period of tolling, through the entry of judgment in this case and who were not paid overtime for all hours worked in excess of forty (40) in a work week ("Collective").

3

13.     Plaintiff will fairly and adequately protect the interests of the members of the Collective and has retained counsel who are experienced and competent in the fields of wage and hour law and collective action litigation. Plaintiff has no interest contrary to or in conflict with the members of the Collective.

14.     The members of the Collective are similarly situated because, among other things, they were all victims of the same company-wide policies and procedures that failed to pay them all the wages to which they are entitled under the FLSA.

## CLASS ACTION ALLEGATIONS

15.     Plaintiff sues on her own behalf and on behalf of a class of employees under Rules 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure based on Defendants' violations of the COMPS Order and the CWA.

16.     Plaintiff brings her Colorado state law claims on behalf of all employees who were employed by Defendants in Colorado as Hourly Employees at any time in the last three (3) years, plus any period of tolling, through the date of the entry of judgment in this case who hold or held the position of Hourly Employee (or similar title as defined *supra*) and who were not paid (a) overtime compensation for all hours worked or at an appropriate rate of pay for all hours worked, including hours in excess of forty (40) in a work week and/or twelve (12) in a work day; and (b) for work performed during mandatory meal breaks ("Wage Class").

17.     The members of the Wage Class are so numerous that joinder of them is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are hundreds of members of the Wage Class.

18.     Plaintiff's claims are typical of the claims of the members of the Wage Class. Defendants paid Plaintiff and the members of the Wage Class pursuant to the same policies and procedures; and Plaintiff and the members of the Wage Class were victims of the same wrongful conduct in which Defendants engaged in violation of the COMPS Order and the CWA.

19.     The class action mechanism is superior to any alternatives which may exist for the fair and efficient adjudication of this cause of action. Proceeding as a class action would permit the large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources. A class action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate. Moreover, class treatment is the only realistic means by which injured parties can effectively litigate against corporate defendants like Defendants. Numerous repetitive individual actions would also place an undue burden on the courts as they are forced to take duplicative evidence and decide the same issues relating to Defendants' conduct.

20.     Defendants have acted or refused to act on grounds generally applicable to the Wage Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Wage Class as a whole.

21.     Plaintiff is committed to pursuing this action and has retained competent counsel who are experienced in wage and hour law and class action litigation.

22.     Plaintiff will fairly and adequately protect the interests of the members of the Wage Class.

23.     There are questions of law and fact common to the Wage Class which predominate

5

over any questions solely affecting the individual members of the Wage Class, including, but not limited to:

    a.  Whether Defendants employed the members of the Wage Class within the meaning of the COMPS Order and the CWA;

    b.  Whether Defendants' policies and practices described within this Complaint are illegal;

    c.  Whether Defendants properly paid the members of the Wage Class for all hours, including hours worked below, at, and above 40 hours;

    d.  Whether Defendants properly tracked and/or calculated the number of regular and overtime hours payable to the members of the Wage Class based on their work below, at, and beyond forty (40) hours in a work week and/or twelve (12) hours in a work day;

    e.  Whether Defendants permitted members of the Wage Class to take a bona fide, uninterrupted meal break as required by state law;

    f.  Whether Defendants properly compensated members of the Wage Class for hours worked during interrupted meal breaks;

    g.  What proof of hours worked is sufficient where, as here, Defendants failed in their duty to keep and maintain accurate time records; and

    h.  Whether Defendants are liable for all damages claimed hereunder.

## STATEMENT OF FACTS

24.    Defendants' hospitals provide medical, psychological and therapeutic services to patients, including outpatient and inpatient care. Defendants also provide long-term, in-patient

rehabilitation services wherein patients live on premises for extended periods of time. Defendants' hospitals operate twenty-four hours a day year-round. Hourly Employees follow standardized processes involving well-established techniques and procedures, and they work within closely prescribed limits. Defendants employ all Hourly Employees and establish their pay practices.

25.    Hourly Employees are classified as non-exempt and compensated on an hourly basis. Hourly Employees should be paid for all hours worked, including overtime compensation for hours worked over forty (40) in a work week and/or over twelve (12) in a work day.

26.    Defendants employed Plaintiff as a Patient Care Assistant at their Denver Springs hospital located at 8835 American Way in Englewood, Colorado. Plaintiff began her employment in October 2023 and left her employment in July 2024.

27.    Plaintiff was advised by Defendants that that she was to be classified as a non-exempt employee and would be paid per hour. Plaintiff's hourly rate was $19.50.

28.    As a Patient Care Assistant and Hourly Employee, Plaintiff's primary duties included welcoming new patients to the facility, answering questions related to patient care and stay, record vital sign metrics (*e.g.*, blood pressure, temperature, height and weight), and other related duties as assigned. Plaintiff performed duties comparable to a nurse practitioner. Plaintiff worked under the extensive direction of Defendants' head nurses, physicians and executive employees.

29.    Plaintiff would use Defendants' internet-based time clock to clock in and out when she arrived for and left shifts. Plaintiff clocked in and out using a kiosk located in a designated employee area of the hospital.

30.    Plaintiff typically worked night shifts. Plaintiff was usually assigned four (4) twelve

(12) hour shifts per week. However, due to staffing conditions at Defendants' hospitals, Plaintiff regularly worked in excess of her assigned schedule. At times, Plaintiff worked as many as 60 hours each week.

31.     Plaintiff, as an Hourly Employee, was entitled to a 30-minute meal break each shift. However, due to understaffing and demands of patient care, Plaintiff was rarely able to take a bonafide meal break. Oftentimes, Plaintiff was directed by her supervisors to skip her meal period in order to complete assigned work.

32.     When Plaintiff did not take a meal break during her shift, and the timekeeping system did not recognize a meal break entry, Defendants' timekeeping kiosk would present to Plaintiff a pop-up window prompt asking Plaintiff to confirm whether she took a meal break. Plaintiff almost always indicated that she did not take a meal break.

33.     Although Plaintiff would regularly advise Defendants that she did not take meal breaks using the timekeeping prompt, Defendants automatically deducted 30 minutes from each of Plaintiff's shifts for a purported meal break, even though Plaintiff was unable to take meal breaks.

34.     Even where Plaintiff indicated through the timekeeping system that she did not take a meal break, Defendants automatically deducted thirty minutes of working time from that shift for which Plaintiff was not paid.

35.     All Hourly Employees employed by Defendants used the same timekeeping system, clocked in and out for their shifts using the same kiosk(s), and were all presented with the same meal break prompt when using the timekeeping kiosk.

36.     Defendants applied the auto-deduction policy to all Hourly Employees.

37.     Plaintiff and other Hourly Employees were prohibited from taking meal breaks during their shifts. Plaintiff and other Hourly Employees were prevented from taking meal breaks by Defendants due to staffing shortages and directives by supervisors to resume work. Plaintiff and other Hourly Employees were not compensated for time spent working through meal breaks due to Defendants' auto-deduction policy.

38.     Plaintiff regularly worked more than 40 hours each week, such that time spent working through meal breaks for which she was not paid due to Defendants' auto-deduction policy constituted overtime work which should have been paid to Plaintiff at her overtime rate of pay.

39.     Plaintiff and all other Hourly Employees were employed under identical or substantially similar terms. All Hourly Employees were compensated by the hour and did not receive pay for time worked during meal breaks.

40.     On June 24, 2024, in an email to all employees of Defendants authored by Anthony DiLorezno, Defendants confirmed their use of "30-minute automatic meal deductions" that applied to "non-exempt employees' working time[.]"

41.     The common terms of employment for Hourly Employees, including the pay practices identified herein, were intentionally and purposefully made identical by Defendants.

42.     The uniform and common practices and policies implemented by Defendants, including the meal break policy and corresponding compensation structure, applied to all Hourly Employees, including Plaintiff.

43.     Defendants previously employed Plaintiff. Defendants continue to employ members of the Collective and Wage Class as alleged herein.

44.     Plaintiff and members of the Wage Class were and are entitled to the wage

protections afforded by the CWA which apply to timely payment of all earned wages.

45.     Defendants have failed to pay Hourly Employees, including Plaintiff, for all hours worked and/or to properly calculate Hourly Employees' proper rates of overtime pay.

46.     Defendants have in place timekeeping methods for tracking and recording the time Hourly Employees spend working.

47.     Defendants have a uniform policy and practice to not pay Hourly Employees for all straight time hours worked or hours worked in excess of forty (40) per work week and/or twelve (12) per work day, including time worked during meal breaks.

48.     Defendants' violations of the FLSA are not in good faith. Defendants are, and have been, well aware of their legal obligation to pay Plaintiff and members of the Collective and Wage Class for all hours worked on its premises, including overtime compensation and time spent working during meal breaks.

## FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT – COLLECTIVE ACTION

49.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

50.     At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce within the meaning of the FLSA.

51.     At all relevant times, Defendants employed, and/or continue to employ, each of the members of the Collective within the meaning of the FLSA.

52.     At all relevant times, Defendants have had gross annual revenues in excess of $500,000.

53.     Defendants are an "enterprise" as defined by the FLSA because at all relevant times, Defendants (a) performed and continue to perform activities in connection with operation

of a hospital and (b) were and are primarily engaged in care of the sick and mentally ill who reside on Defendants' premises.

54.     At all relevant times, Defendants have had a uniform policy and practice to not pay Hourly Employees overtime compensation for all overtime hours worked at legally mandated rates.

55.     As a result of Defendants' failure to properly compensate their employees, including Plaintiff and the members of the Collective, Defendants have violated, and continue to violate, the FLSA.

56.     As employers within the meaning of the FLSA, Defendants have a duty to create and maintain accurate records of employee hours. Defendants failed to do so.

57.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

58.     Due to Defendants' FLSA violations, Plaintiff, on behalf of herself and the members of the Collective, is entitled to recover from Defendants unpaid overtime compensation, liquidated damages, Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**COMPS ORDER – CLASS ACTION**

59.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

60.     At all relevant times, Plaintiff and the members of the Wage Class were employed by Defendants within the meaning of the COMPS Order.

61.     Because Defendants were, at all relevant times, employers within the meaning of

the FSLA, they were also employers within the meaning of the COMPS Order pursuant to 7 CCR § 1103-7-2.7.

62.     Defendants violated the COMPS Order by failing to pay Hourly Employees all overtime compensation to which they are entitled at the legally required rates.

63.     Plaintiff and the members of the Wage Class are entitled to recover from Defendants overtime compensation at the appropriate premium for all hours worked over forty (40) in a work week and twelve (12) in a work day, any statutory penalties, Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, attorneys' fees, costs, and disbursements of this action pursuant to the COMPS Order.

64.     Under 7 CCR § 1103-5.1, employees are "entitled to an uninterrupted and duty-free meal period of at least a 30-minute duration when the shift exceeds 5 consecutive hours."

65.     Defendants' failure and refusal to permit Plaintiff and members of the Wage Class to take uninterrupted meal breaks, as required by law, was in violation of the Meal and Rest Periods provision of 7 CCR § 1103-5.1.

66.     Because Defendants did not permit Plaintiff and members of the Wage Class to take an uninterrupted meal break, Plaintiff and members of the Wage Class were required to work through meals but were not compensated for that work time.

### THIRD CLAIM FOR RELIEF
### COLORADO WAGE ACT – CLASS ACTION

67.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

68.     At all relevant times, Plaintiff and the members of the Wage Class were employed by Defendants within the meaning of C.R.S. § 8-104-101(5).

69.     At all relevant times, Defendants were employers within the meaning of C.R.S. § 8-104-101(6).

70.     The CWA defines wages as "[a]ll amounts for labor or service performed by employees," regardless of whether "the amount is fixed or ascertained by the standard of time." Wages, as defined by the CWA, are governed by the Act once the amounts are "earned, vested, and determinable." C.R.S. § 8-4-101(14)(a)(I)-(III).

71.     Pursuant to the CWA, C.R.S. § 8-4-101(14)(a)(II)-(III), Plaintiff and members of the Wage Class worked hours at or below 40 hours in individual work weeks which were required to be paid at their regular hourly rates of pay.

72.     Pursuant to the CWA, C.R.S. § 8-4-101(14)(a)(II)-(III), Plaintiff and members of the Wage Class worked in excess of 40 in individual work weeks or 12 in a work day which required pay at time and one-half their regular hourly rates of pay.

73.     Pursuant to the CWA, C.R.S. § 8-4-101(14)(a)(II)-(III), Plaintiff and members of the Plaintiff Class worked through meal breaks. Plaintiff and members of the Wage Class were and are entitled to be paid at their applicable hourly rates of pay for such work.

74.     Once Plaintiff and members of the Wage Class worked hours below, at, and above 40 in individual work weeks, they earned either regular and/or overtime compensation, although it was not paid. As such, any regular or overtime wages for which Plaintiff and members of the Wage Class were not paid were and are "wages" as defined by the CWA, and therefore subject to the requirements of the CWA.

75.     Pursuant to C.R.S. § 8-4-109(3)(b)(I), if an employer fails to pay an employee earned, vested, and determinable wages as set forth by the CWA within fourteen (14) days of

service of a civil action, the employee is entitled to a penalty of two times the amount of unpaid wages or compensation.

76.     Pursuant to the C.R.S. § 8-4-109(3)(b)(I), if the employee can prove that the employer's failure to pay wages due under the Act was willful, the employee is entitled to a penalty of three times the amount of unpaid wages or compensation.

77.     Defendants' failure and refusal to pay earned overtime wages, as demanded herein within the fourteen (14) day period described by the C.R.S. § 8-4-109(3)(a), was willful and in bad faith.

78.     Plaintiff and members of the Wage Class are owed all earned, unpaid wages and statutory penalties, including increased penalties for willful violations of the CWA.

79.     Per C.R.S. § 8-4-110, Plaintiff and members of the Wage Class are entitled to attorneys' fees and costs incurred prosecuting claims under the CWA.

### PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of herself and all other members of the Collective and Wage Class, requests that this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the members of the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated members of the FLSA collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on

behalf of the members of the Wage Class and appointing Plaintiff and her counsel to represent the Wage Class;

c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA, COMPS Order, and CWA;

d.  An injunction requiring Defendants to cease their unlawful practices under, and to comply with, the COMPS Order and CWA;

e.  An award of regular and overtime compensation due under the FLSA and the COMPS Order;

f.  An award of unpaid, earned, and vested regular wages under the CWA;

g.  An award of liquidated damages and/or statutory penalties under the FLSA and CWA;

h.   An award of additional damages and/or statutory penalties under the FLSA and CWA as a result of Defendants' willful failure to pay regular and overtime compensation;

i.  An award of damages representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

j.  An award of pre-judgment and post-judgment interest at the maximum rate permitted by law;

k.  An award of costs and expenses of this action together with attorneys' and expert fees; and

l.  Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he and all members of the Collective and Wage Class have a right to jury trial.

Respectfully submitted this 23rd day of July 2024.

*/s/ Samuel D. Engelson*
Samuel D. Engelson
Michael D. Kuhn
LEVENTHAL | LEWIS
KUHN TAYLOR SWAN PC
3773 Cherry Creek N. Drive, Suite 710
Denver, CO 80209
Telephone: (720) 699-3000
Facsimile:  (866) 515-8628
Email:      sengelson@ll.law
            mkuhn@ll.law

*Attorneys for Plaintiff*
